IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| OUTOKUMPU STAINLESS USA, LLC, Formerly Known as THYSSENKRUPP STAINLESS USA, LLC<br><br>**Plaintiff,**<br><br>v.<br><br>**SIEMENS INDUSTRY, INC.,** Successor in Interest to SIEMENS ENERGY & AUTOMATION, INC.,<br><br>**Defendant.** | CV:15-243<br><br><u>**DEFENDANT SIEMENS INDUSTRY, INC.'S NOTICE OF REMOVAL**</u> |

Pursuant to 9 U.S.C. § 205, defendant Siemens Industry, Inc. ("Siemens") respectfully removes this action from the Circuit Court of Mobile County, Alabama, to the United States District Court for the Southern District of Alabama.

In support of removal, Siemens states the following:

1.  This case involves an arbitration agreement that falls under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. <u>See</u> Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "New York Convention").

2.  The New York Convention is an international agreement that recognizes and enforces international arbitration agreements. <u>Scherk v. Alberto-Culver Co.</u>, 417 U.S. 506, 520 n.15 (1974).

3.  The United States has adopted and implemented the New York Convention. <u>See</u> 9 U.S.C. §§ 201–208 (2014). In doing so, Congress afforded federal courts original jurisdiction

1

over any action that arises under the Convention.  Id. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States [and] [t]he district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.").  A defendant may remove a state-court case to federal court if the subject matter of the case "relates to an arbitration agreement or award falling under the Convention."  Id. § 205.  The removal may be made "at any time before the trial."  Id.

4. An arbitration agreement falls under the New York Convention when four prerequisites are satisfied.  Bautista v. Star Cruises, 396 F.3d 1289, 1294 n.7 (11th Cir. 2005).  First, there must be a written arbitration agreement.  Id.  Second, the agreement must provide for arbitration in the territory of a Convention signatory.  Id.  Third, the agreement must arise out of a commercial, legal relationship.  Id.  Fourth, if the parties to the agreement are U.S. citizens, the relationship must "involve[] property located abroad, envisage[] performance or enforcement abroad, or ha[ve] some other reasonable relation with one or more foreign states."  Id.

5. This action satisfies these prerequisites.

6. This case involves a dispute over work by Siemens on a stainless-steel manufacturing plant in Calvert, Alabama pursuant to a contract called "Contract 1034."  The plant is owned by the plaintiff, Outokumpu.  Contract 1034 contains an arbitration agreement.  (Contract 1034 ¶ 23.1.)[1]  The arbitration agreement requires arbitration of all disputes arising between Siemens and Outokumpu "in connection with or in the performances of Contract 1034."  (Id.)  The first prerequisite for application of the New York Convention therefore is met.

---

[1]   A copy of Contract 1034, which is cited and discussed in Outokumpu's complaint, is attached to this notice as Exhibit 1.  The attached copy does not include the contract's appendices, which exceed 1200 pages.

7.      Second, the arbitration agreement requires that the arbitration be held in Germany, (id. ¶ 23.2), a signatory to the Convention. Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 154 (3d Cir. 2001).

8.      Third, the arbitration agreement arises out of a commercial, legal relationship between Outokumpu and Siemens concerning, among other things, Siemens's effort to design certain components for the melt shop of a stainless-steel manufacturing facility owned by Outokumpu. Contract 1034 is the contract that governs this work. (Primetals Decl. ¶¶ 10, 12, 17.)[2] The contract is valued at nearly 130-million dollars and concerns the facility's key equipment and operational systems. (Id. ¶¶ 17, 22–33.)

9.      Finally, the relationship between Outokumpu and Siemens has a reasonable relation with one or more foreign states. By way of example:

   a.   Contract 1034 was negotiated in Germany and Austria by personnel who worked in those countries. (Id. ¶¶ 7–12.)

   b.   Contract 1034 was signed in Germany. (Id. ¶ 12.)

   c.   The parties selected German law to govern the contract. (Id. ¶ 14–15.)

   d.   The contract's arbitration agreement requires any dispute to be resolved by mandatory arbitration in Germany. (Contract 1034 ¶ 23.2.)

   e.   Key components of the equipment and system governed by Contract 1034 were manufactured in, designed in, and/or shipped from Germany or Austria, as well as other signatories to the New York Convention. (Primetals Decl. ¶¶ 22–33.) This

---

[2]    Siemens has filed the declaration of Dr. Peter Steiner, Hans-Joerg Weinzinger, and Wilfried Huber as an attachment to this removal notice. These individuals are currently employed by Primetals Technologies Austria GmbH, formerly Siemens VAI Metal Technologies GmbH. For brevity, this removal notice cites to this declaration as "Primetals Decl." The declaration is attached to this notice as Exhibit 2.

includes the electric arc furnace and argon oxygen decarburization converter: the two systems at the heart of Outokumpu's complaint.  (Id. ¶¶ 17–34.)  For example:

- The electric arc furnace was designed in Germany.  (Id. ¶ 27.)

- Components to the electric arc furnace were fabricated in Germany, China, and Mexico.  (Id. ¶¶ 28–33.)

- Engineering for the electric arc furnace was performed in Austria and the Czech Republic.  (Id. ¶¶ 27–33.)

- The argon oxygen decarburization converter was designed in Austria.  (Id. ¶ 22.)

- Detail engineering related to the converter's uncooled ducts was performed in the Czech Republic.  (Id. ¶ 25.)

- Other components of the converter were fabricated or constructed in countries such as China and Hungary.  (Id. ¶¶ 23–26.)

   f.   Additional features of the equipment and systems were designed or fabricated in Slovakia and Mexico.  (Id. ¶¶ 32–33.)

10.   Germany, Austria, China, Hungary, the Czech Republic, Slovakia, and Mexico are all signatories to the New York Convention.[3]

11.   This removal is timely.  The defendant may remove an action that falls under the New York Convention "at any time before the trial."  9 U.S.C. § 205; see also Bautista, 396 F.3d at 1292 (noting that section 205 permits removal at any time before trial).

12.   This Court is the proper court for removal, as it is "the district court of the United States for the district and division embracing the place where the action or proceeding is pending."  9 U.S.C. § 205.

---

[3]   A list of the signatories to the New York Convention can be found on the website of the United Nations Commission on International Trade Law.  See Status - Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York, 1958), (May 7, 2015, 9:23 AM), http://www.uncitral.org/uncitral/en/uncitral_texts/arbitration/NYConvention_status.html.

13. A copy of the process, pleadings and orders served on Siemens to date is attached. See Exhibit 3.

14. Written notice of this removal is being provided to all parties and the clerk of the Circuit Court of Mobile County, Alabama.

15. For these reasons, this case is subject to this Court's original jurisdiction pursuant to 9 U.S.C. §§ 203 and 205, and Siemens hereby removes the above-captioned action to the United States District Court for the Southern District of Alabama.

This the 8th day of May, 2015.

*s/ Frederick G. Helmsing, Jr.*
ARCHIBALD T. REEVES, IV   (REEVA2720)
areeves@mcdowellknight.com
FREDERICK G. HELMSING, JR.
fhelmsing@mcdowellknight.com (HELMF3421)
Attorneys for Defendant Siemens Industry, Inc.

**OF COUNSEL:**

McDOWELL KNIGHT ROEDDER & SLEDGE, L.L.C.
11 North Water Street
Suite 13290 (36602)
Post Office Box 350
Mobile, Alabama 36601
Tel: (251) 432-5300
Fax: (251) 432-5303

**OF COUNSEL:**

Andrew S. Chamberlin
N.C. State Bar No. 17396
andrew.chamberlin@elliswinters.com

Dixie T. Wells
N.C. State Bar No. 26816
dixie.wells@elliswinters.com

Jonathan A. Berkelhammer
N.C. State Bar No. 10246
jon.berkelhammer@elliswinters.com


ELLIS & WINTERS LLP
300 North Greene Street, Suite 800
Greensboro, North Carolina 27401
Tel: (336) 217-4193
Fax: (336) 217-4198

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8th, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

Ricardo A. Woods
Kasee S. Heisterhagen
Burr & Forman LLP
RSA Tower
11 N. Water St., Suite 22200
Mobile, AL 36602

David G. Wanhatalo
Devin C. Dolive
Burr & Forman LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

This the 8th day of May, 2015.

*s/ Frederick G. Helmsing, Jr.*