IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **OUTOKUMPU STAINLESS USA, LLC,** ) <br> Agent of Thyssenkrupp Stainless USA, LLC**,** ) <br>     **Plaintiff,**                                                ) <br>                                                                         ) <br> **v.**                                                                  ) <br>                                                                         ) <br> **SIEMENS INDUSTRY INC.,**                             ) <br> *Successor in Interest to Siemens Energy &* ) <br> *Automation, Inc.,*                                          ) <br>     **Defendant.**                                             ) | **CIVIL ACTION: 15-00243-KD-N** |

**ORDER**

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(l)(B) and dated October 19, 2015, is **ADOPTED** as the opinion of this Court and Plaintiff's Motion to Remand (Doc. 7) is **DENIED**, with the following **AMENDMENT**:[1]

After a *de novo* review, the Court finds that it is plausible (as opposed to merely conceivable) from the facts alleged that Contract 1034 could affect the outcome of this case.

Moreover, the Court finds that it is necessary to determine whether Contract 1080 supersedes Contract 1034 in order to determine whether the case should be remanded. If Contract 1080 supersedes Contract 1034, then this Court has no jurisdiction over the dispute because the parties are not diverse and there would be no federal question jurisdiction. "Federal courts are powerless to act outside their jurisdiction, requiring them to inquire into the question of subject matter jurisdiction 'at the earliest possible stage in the proceedings. Indeed ... a federal

---

[1] While the Court granted Defendant leave to file a Reply to Plaintiff's Objection (Doc. 28), upon consideration, the Court agrees with the Defendant's position such that the need for a further Reply is **MOOT.**

court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.' *Black v. State of Alabama,* 71 F.Supp.2d 1200, 1202–03 (S.D.Ala.1999), *quoting University of South Alabama v. The American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999)." Employers Mut. Cas. Co. v. Evans, 76 F. Supp. 2d 1257, 1259 (N.D. Ala. 1999).  Thus, because this Court has a duty to determine whether it has jurisdiction to proceed, the Magistrate Judge correctly considered this issue and the undersigned concurs in the determination.

**DONE and ORDERED** this the **10th** day of **November 2015.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**